IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERMAINE ALFORD, SR., JL 0767,<br>    Petitioner, | )<br>) |
| v. | )   2:11-cv-1313<br>) |
| SUPT. SCI FOREST, et al.,<br>    Respondents. | )<br>)<br>) |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Germaine Alford, Sr. for a writ of habeas corpus be dismissed without prejudice and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Germaine Alford, Sr. an inmate at the State Correctional Institution at Marienville has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Alford is presently serving a seven and a half to fifteen year sentence imposed following his conviction, by a jury of aggravated assault and person not to possess/use a firearm at No. CP-65-CR-2669-2008 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on March 23, 2010. On July 26, 2010 a notice of appeal was filed and according to the petitioner dismissed for "attorney abandonment." On February 22, 2011 a timely post-conviction petition was filed, counsel was requested by the petitioner on August 22, 2011 and the petition is presently pending before the Court of Common Pleas.[1]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that the applicant has exhausted the remedies available in the courts of the State,
> or that there is either an absence of available State corrective process or the

---

[1] This recitation is based on the petition and the Common Pleas docket sheet available at www.ujsport.pacourts.us

1

existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

In the instant case Alford filed a timely post-conviction petition and that petition is pending before the court. Thus, he has unexhausted state court remedies which he is presently pursuing. Accordingly, the petition will be dismissed without prejudice and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.[2]

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

                                                    Respectfully submitted,

                                                   s/ Robert C. Mitchell
Filed October 25, 2011                          United States Magistrate Judge

---

[2] There is no reason to stay the petition here, since it is clear that Alford's post-conviction petition filed in the Court of Common Pleas is timely, and thus he will have adequate time to refile his petition here once he has exhausted the state court remedies.